SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08–4337 PA (RCx) | Date | September 2, 2008 |
|---|---|---|---|
| Title | Yeghik Jamgotchian v. Pennsylvania Life Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is the Notice of Removal filed by Pennsylvania Life Insurance Company ("Defendant"). (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings . . . ." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the parties seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

    In attempting to invoke this Court's diversity subject matter jurisdiction, Defendant must prove that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that a plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4337 PA (RCx) | Date | September 2, 2008 |
|---|---|---|---|
| Title | Yeghik Jamgotchian v. Pennsylvania Life Ins. Co. | | |

Here, the Complaint asserts that Defendant improperly failed to pay disability benefits and seeks damages "in a sum to be determined at the time of trial[.]" (Compl. ¶¶ 21, 26; p. 9.) "If the amount in controversy is not clear on the face of the complaint, however, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

In support of its Notice of Removal, Defendant states: "The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. . . . The amount of disability benefits allegedly due at the time this action was filed, plus the value of potential future benefits, exceeds $75,000." (Not. of Removal ¶ 4(c).) Defendant does not cite to the Complaint to support this assertion, nor does Defendant provide any summary-judgment type evidence to demonstrate that the amount in controversy exceeds the jurisdictional minimum.

Defendant also has not shown that damages greater than $75,000 have been awarded in cases similar to this one. See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1198 (D. Or. 2006) ("This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy."). Defendant's allegations are not supported by a preponderance of the evidence. See, e.g., Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116–17 (9th Cir. 2004). Therefore, Defendant has failed to fulfill its burden to demonstrate that the amount in controversy exceeds $75,000.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction. See Harris, 425 F.3d at 694. Accordingly, the Court remands this action to Los Angeles Superior Court, case number BC 387553, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.